### In re MATTEL, INC., TOY LEAD PAINT PRODUCTS LIABILITY LITIGATION.

#### MDL No. 1897.

United States Judicial Panel on Multidistrict Litigation.

Dec. 18, 2007.

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, and ANTHONY J. SCIRICA*, Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel \*:** Defendants Mattel, Inc. (Mattel) and Fisher–Price, Inc., and plaintiffs in three actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Central District of California. Plaintiffs in the District of South Carolina action support centralization, but suggest the District of South Carolina as transferee district. Plaintiffs in the Southern District of New York actions support centralization, but suggest the Southern District of New York as transferee district. Plaintiff in the Eastern District of Pennsylvania *Monroe* action opposes the inclusion of her action in MDL No. 1897 proceedings.

This litigation currently consists of eleven actions listed on Schedule A and pending in five districts as follows: five actions in the Central District of California; two actions each in the Southern District of New York and the Eastern District of Pennsylvania; and one action each in the Southern District of Indiana and the District of South Carolina.[1]

---

\* Judge Scirica did not participate in the decision of this matter.

1. The Panel has been notified that seven other related actions have been filed, five in the Central District of California, and one each in the Northern District of California and the District of District of Columbia. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

On the basis of the papers filed and hearing session held, we find that these eleven actions involve common questions of fact, and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share questions of fact relating to the production of defendants' toys in China with surface paints that allegedly contain elevated levels of lead and the sale of those toys in the United States. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

The Eastern District of Pennsylvania *Monroe* plaintiff argues that inclusion of her action is not appropriate, because, *inter alia*, her action seeks only medical monitoring. We respectfully disagree. Like *Monroe*, most of the actions before us seek medical monitoring. Centralization under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that ensures streamlined resolution of all actions to the overall benefit of the parties and the judiciary.

We are persuaded that the Central District of California is an appropriate transferee forum for this litigation. The first-filed action is pending there. In addition, because defendant Mattel is headquartered within this district, relevant documents and witnesses may be found in the Los Angeles vicinity.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Dale S. Fischer for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

## SCHEDULE A

MDL No. 1897—*In re: Mattel, Inc., Toy Lead Paint Products Liability Litigation*

*Central District of California*

Ann L. Mayhew, etc. v. Mattel, Inc., et al., C.A. No. 2:07–5126

Nicole B. White, et al. v. Mattel, Inc., et al., C.A. No. 2:07–5366

Adam Luttenberger, etc. v. Mattel, Inc., et al., C.A. No. 2:07–5539

Heather Davis Puerzer, et al. v. Mattel, Inc., et al., C.A. No. 2:07–5661

Nisha Shah v. Fisher–Price, Inc., et al., C.A. No. 2:07–5960

*Southern District of Indiana*

Steve Sarjent, et al. v. Fisher–Price, Inc., et al., C.A. No. 1:07–1060

*Southern District of New York*

Farrah Shoukry v. Fisher–Price, Inc., et al., C.A. No. 1:07–7182

Seth Goldman v. Fisher–Price, Inc., et al., C.A. No. 1:07–7764

*Eastern District of Pennsylvania*

Nydia Monroe, etc. v. Mattel, Inc., C.A. No. 2:07–3410

Jacob Chow, et al. v. Mattel, Inc., et al., C.A. No. 2:07–3741

*District of South Carolina*

Daniel S. Hughey, et al. v. Fisher–Price, Inc., et al., C.A. No. 2:07–2930